## Salem

DENNIS WAYNE WEST

v.

COMMONWEALTH OF VIRGINIA

No. 1155-89-3

Decided July 1, 1991

Counsel

Richard Lee Lawrence, for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**KEENAN, J.**—Dennis West was convicted by a jury of the murder of his wife, Barbara West. The sole issue he raises on appeal is whether the trial court erroneously admitted into evidence statements made by the victim to several witnesses prior to her death indicating that West had threatened her life. We find that the statements at issue were inadmissible hearsay because they did not fall within any of the recognized exceptions to the hearsay rule. We further find that admission of the testimony was not harmless error.

On March 13, 1988, police officers discovered Barbara West's body in the living room of her home. She had been repeatedly jabbed in the back with a blunt object, strangled with a rope, fatally stabbed in the back with a sharp object and her throat had been cut. A jump rope, fireplace poker and knife were found near her body. The medical evidence established that the victim died sometime prior to the afternoon of March 12, 1988 and that her injuries were consistent with the type of injuries which could have been inflicted by the various objects found near her body.

Evidence introduced at trial established that West and his wife were separated in March 1988 and that West picked up the couple's three children on the afternoon of March 11, 1988. The victim was seen taking a walk near her home approximately one-half hour later. West was seen on the front porch of the victim's home shortly thereafter. No further activity was seen in the house throughout the weekend.

At approximately 12:30 p.m. on Sunday, March 13, 1988, West contacted the chief of police and told him that he thought his wife had committed suicide. He told the police that he had telephoned his wife about a church function. He further told the police that when she did not answer the telephone, he went to the house; however, he did not see her. The police proceeded to the home to check on the victim and found her body on the living room floor.

At trial, the victim's attorney in the divorce proceedings was permitted to testify that the victim told him on March 11, 1988 that West told her he would kill her if she gained custody of the children. The attorney testified that the victim made a similar claim the previous month. In addition, the victim's psychologist testified that, in January 1988, the victim informed him that West told her that if she ever received custody of the children, he would kill her. Finally, a friend of the victim testified that on one occasion the victim came to see her and asked if she could keep a suitcase for the victim in case the victim decided to leave West. The friend testified that the victim told her that West said he would kill the victim if she tried to leave or take the boys away from him.

West argues that these statements are inadmissible because they do not fall within any of the recognized exceptions to the hearsay rule, and, therefore, should have been excluded. Further, he claims that the statements were highly prejudicial because the Commonwealth's entire case was based on circumstantial evidence.

The Commonwealth argues that the statements were admissible under the "mental state" exception to the hearsay rule. The Commonwealth further argues that even if the statements were not admissible, their admission at trial was harmless error since the statements were largely cumulative and the evidence of the appellant's guilt was overwhelming. We disagree.

■ "Hearsay evidence is defined as a spoken or written out-of-court declaration or nonverbal assertion offered in court to prove the truth of the matter asserted therein." *Arnold v. Commonwealth*, 4 Va. App. 275, 279-80, 356 S.E.2d 847, 850 (1987) (citation omitted). Hearsay evidence is inadmissible at trial unless it falls into one of the recognized exceptions to the hearsay rule. *Evans-Smith v. Commonwealth*, 5 Va. App. 188, 197, 361 S.E.2d 436, 441 (1987). In the case before us, all three witnesses related statements made by the victim prior to her death. The Commonwealth does not dispute that the statements were offered for the truth of the matter contained therein. Consequently, it is undisputed that the victim's statements were hearsay.

In addition, in each of these hearsay statements, the victim repeated an out-of-court declaration made to her by West. Again, there is no dispute that West's declarations were introduced for the truth of the matter contained therein. The testimony at issue, therefore, is best characterized as hearsay within hearsay.

■ In *Evans-Smith v. Commonwealth*, this court stated that the strongest justification for the rule prohibiting hearsay testimony is "that the trier of fact has no opportunity to view the witness on cross-examination and to observe the demeanor of the out-of-court declarant to determine reliability." *Id.* Thus, hearsay testimony "is not subject to the tests which ordinarily exist to ascertain the testimony's truth." *Penny v. Commonwealth*, 6 Va. App. 494, 498, 370 S.E.2d 314, 317 (1988). However, hearsay evidence is admissible when it conforms to recognized exceptions based on necessity and the inherent trustworthiness of the testimony. *Evans-Smith v. Commonwealth*, 5 Va. App. at 197, 361 S.E.2d at 441.

■ The inherent unreliability of hearsay testimony is even more acute when the hearsay testimony contains hearsay within it. However, for the same reasons that hearsay evidence has been permitted, hearsay evidence which contains hearsay should not be subject to an automatic rule of exclusion. "The common law rule is that '[m]ultiple hearsay is, of course, even more vulnerable to all the objections which attach to simple hearsay, and it seems that if it is to come in at all, each of the out-of-court statements must satisfy the requirements of some exceptions to the hearsay rule.' " *State v. Reagan*, 654 S.W.2d 636, 639 (Mo. App. 1983) (quoting *McCormick on Evidence* § 246 (2d ed. 1972)). Conse-

quently, we hold that in order for a hearsay declaration which contains hearsay within it to be admissible, both the primary hearsay declaration and each hearsay declaration included within it must conform to a recognized exception to the hearsay rule. *Accord State v. Reagan*, 654 S.W.2d at 639; *Commonwealth v. Gil*, 393 Mass. 204, 218, 471 N.E.2d 30, 40 (1984); *State v. Golden*, 336 S.E.2d 198, 202 (W. Va. 1985).

Applying this rule to the case before us, we find that the statements made by West to the victim conform to a recognized exception to the hearsay rule, since they constitute the declaration of a party opponent. *See* C. Friend, *The Law of Evidence in Virginia* §§ 234, 253 (2d ed. 1983). Thus, West's declarations are admissible if the declarations made by the victim also fall within a recognized exception to the hearsay rule.

■ The Commonwealth argues that the declarations made by the victim to her attorney, her psychologist and her friend fall within the "state of mind" exception to the hearsay rule. While we agree that the statements tend to show the declarant's state of mind, such statements "are admissible in Virginia [only] when relevant and material." *Johnson v. Commonwealth*, 2 Va. App. 598, 602, 347 S.E.2d 163, 165 (1986); *see Kauffmann v. Commonwealth*, 8 Va. App. 400, 406, 382 S.E.2d 279, 282 (1989). Thus, the issue before us is whether the victim's state of mind was relevant, such that her declarations, containing West's threats, were admissible. In *Evans-Smith v. Commonwealth*, the court concluded that "[a] victim's state of mind would be relevant in cases where the defense contends that the death was the result of suicide, accident or self-defense." 5 Va. App. at 198, 361 S.E.2d at 442.

Here, although West told various individuals prior to trial that the victim committed suicide, or was killed by someone else, at trial he relied on an alibi defense. West at no time attempted to persuade the jury that the killing was either suicidal, accidental or in self-defense. Moreover, the victim's state of mind was not probative as to West's motive or intent. "[H]ad the appellant possessed motive or intent, either would have existed independent of the victim's fear of him or any other state of mind." *Id.* Since the victim's state of mind was not relevant to any of the material issues raised at trial, her declarations did not fulfill the requirements of the "state of mind" exception to the hearsay rule and

were, therefore, inadmissible.

■ Since the Commonwealth sought to have the hearsay testimony admitted, the burden was on the Commonwealth to show that the declaration fell within an exception to the rule against hearsay. *Foley v. Commonwealth*, 8 Va. App. 149, 161, 379 S.E.2d 915, 921, *aff'd on reh'g en banc*, 9 Va. App. 175, 384 S.E.2d 813 (1989). The Commonwealth does not argue that this testimony meets the requirements of any other recognized exception to the hearsay rule. Thus, the Commonwealth failed to meet its burden of proving that the victim's statements were admissible. Because the victim's declarations do not possess any of the independent guaranties of trustworthiness existing in the recognized hearsay exceptions, the hearsay statements contained within these declarations are also inadmissible regardless of their probative value. For these reasons, we hold that the trial court erred by admitting the testimony at issue.

■ "Even though testimony is objectionable as hearsay, its admission is harmless error when the content of the extra-judicial declaration is clearly established by other competent evidence." *Schindel v. Commonwealth*, 219 Va. 814, 817, 252 S.E.2d 302, 304 (1979). In the case before us, the Commonwealth's case was entirely circumstantial. There was no physical evidence linking West to the crime. In addition, although the Commonwealth offered testimony regarding statements West made to others with respect to custody of the couple's children, none of these statements can be characterized as a threat to kill the victim. Based on this record, we find that the content of the victim's declarations was not clearly established by other competent evidence, and that admission of the testimony was prejudicial to West. Consequently, we reject the Commonwealth's contention that admission of the testimony at issue, if error, was harmless.

For the reasons stated, we reverse West's conviction and remand the case to the trial court for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Moon, J., and Coleman, J., concurred.