COURT OF APPEALS OF VIRGINIA


Present:    Judge McClanahan, Senior Judges Coleman and Annunziata


NATHAN SEIBERT

                                                MEMORANDUM OPINION[*]
v.       Record No. 2688-04-4                        PER CURIAM
                                                    APRIL 26, 2005
ALEXANDRIA DIVISION
  OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                            John E. Kloch, Judge

              (Douglas A. Steinberg; Law Office of Gwena Kay Tibbits, on brief),
              for appellant.

              (Mary Elliott; Ignacio Pessoa; Office of the City Attorney, on
              brief), for appellee.

              (Stephen F. Moller, on brief), Guardian *ad litem* for the infant
              child.


        Nathan Seibert, appellant, appeals an order of the trial court finding that his daughter, N.S.,

was abused or neglected as defined in Code § 16.1-228 and that she was at risk of being abused or

neglected by appellant.  On appeal, appellant contends the trial court erred by:  (1) admitting

hearsay evidence; (2) finding N.S. was abused or neglected; and (3) finding N.S. was at risk of

abuse or neglect.  Upon reviewing the record and briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

        On appeal, we view the evidence and all the reasonable inferences in the light most

favorable to the Alexandria Division of Social Services (the Department) as the party prevailing

below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The evidence showed that, on February 20, 2004, the Alexandria Sheriff's Department went to appellant's residence to execute an arrest warrant. They discovered appellant, a convicted sex offender, at the residence alone with N.S., who was two years old, and H.S., the three-year-old daughter of appellant's girlfriend, Brandy Hoffman. Appellant was arrested for being a fugitive and for being in violation of his probation and parole.

On February 20, 2004, Anita Martineau, a social worker with the Department, interviewed the two girls and Hoffman's seven-year-old son, T.M., who was at school at the time of the incident. Martineau testified that H.S. reported that appellant had given her a "bad touch" on her chest, that she was confused by it, and that she had asked him to stop. In order to ensure the safety of the children, the Department sought an Emergency Protective Order. The Department also asked that Hoffman not discuss the matter with the children pending the investigation.

On February 24, 2004, Martineau interviewed the children again. Martineau testified H.S. and T.M. stated that Hoffman had told them to tell Martineau that appellant touched her on the "belly button" and not on a private area. When Martineau questioned H.S. about her prior statement, H.S. pulled up her shirt and indicated appellant had touched her in the area of her nipple. Hoffman testified that she did not initiate any conversation with the children about the touching. The Department removed the children from the residence due to Hoffman's failure to protect the children by influencing their statements during the investigation.

The Department argued that N.S. was abused or neglected or at risk of being abused or neglected due to the following: appellant took N.S. with him when he fled his probation and parole supervisory area; the negative emotional effects of being present when the police arrested appellant; appellant's failure to complete sex offender treatment; the findings related to H.S.'s report of being abused by appellant; a prior administrative finding that appellant committed child abuse; and

appellant's criminal convictions for carnal knowledge, sodomy and two counts of aggravated sexual battery against a child.

Appellant admitted that he had been sentenced for sex offenses related to minors and that he was currently incarcerated for violating his probation and parole. He also acknowledged that he had violated the conditions of his probation and parole because he had failed to complete sex offender classes, failed to maintain employment, and moved out of his supervisory area without informing his probation and parole officer. Appellant also admitted that his probation and parole officer had informed him in the past that he was to have no contact with minor children due to his status as a convicted sex offender. However, he stated that upon his latest release from incarceration, he was not informed of this condition.

The trial court found that N.S. was abused or neglected and that she was at risk of being abused or neglected pursuant to Code § 16.1-228. The trial court approved the Foster Care Service Plan, which had a goal of return custody to parent. Appellant appealed the trial court's decision to this Court.

Appellant argues that the trial court erred by admitting Martineau's testimony concerning the children's statements made to her because this testimony was hearsay. The Department contends appellant's objection to the evidence was not a continuing objection and that appellant failed to raise objections to the trial court concerning statements made by the children in their second interview with Martineau. The trial court sustained all the objections and revisions to appellant's written statement of facts made by the Department and ordered that appellant's written statement of facts be modified to be consistent with these objections. Accordingly, the record shows that appellant failed to object to evidence related to the children's second interview with Martineau.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Assuming that appellant properly objected to the admission of the other statements made by the children and that the trial court erred by admitting this testimony, the content of the challenged statements to Martineau was also contained in the Foster Care Service Plan for N.S., which was admitted into evidence as an exhibit. "'Even though testimony is objectionable as hearsay, its admission is harmless error when the content of the extra-judicicial declaration is clearly established by other competent evidence.'" West v. Commonwealth, 12 Va. App. 906, 911, 407 S.E.2d 22, 25 (1991). The children's statements to Martineau were clearly established by other competent evidence admitted at the trial. Accordingly, admission of the testimony at issue, if error, was harmless.

Appellant also contends the trial court erred by admitting hearsay testimony concerning statements made by Hoffman. However, the written statement of facts does not indicate appellant objected to this testimony. "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

Therefore, Rule 5A:18 bars consideration of this question and the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Appellant contends the trial court erred by finding N.S. was abused or neglected.

The trial court's judgment, "when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988). On appellate review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990).

An "abused or neglected child" means any child:

> Whose parents or other person responsible for his care creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement or impairment of bodily or mental functions . . . .

Code § 16.1-228.

Under the statute, and the case law interpreting it, the child need not suffer actual harm or impairment. See Jenkins, 12 Va. App. at 1183, 409 S.E.2d at 19 (holding that the "statutory definitions of an abused or neglected child do not require proof of actual harm or impairment having been experienced by the child"). Accordingly, the term "substantial risk" speaks *in futuro*. See id.

Appellant admitted that he was in violation of the conditions of his probation and parole at the time of the incident, that he was a fugitive, and that he knew there would be a warrant issued for his arrest, yet he exposed N.S. to the potential for harm during his arrest. Appellant also admitted that he knew, at least at some point in time, that as a prior sex offender, one of the conditions of his probation and parole was that he was not supposed to be alone with minors, yet

he was alone with a two-year-old and a three-year-old child at the time of his arrest. Furthermore, evidence was admitted of H.S.'s allegations that appellant had inappropriately touched her. Accordingly, from the evidence presented, the trial court could conclude that N.S. was at substantial risk of death, disfigurement or impairment of bodily or mental functions.

Appellant also asserts that the trial court erred by finding N.S. was at risk of being abused or neglected. However, appellant provided no authority for this argument in his opening brief. Rule 5A:20 requires appellants to brief the "principles of law, the argument, and the authorities relating to each question presented." Questions "unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Accordingly, we affirm the decision of the trial court.

Affirmed.