COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


NATHAN SEIBERT

MEMORANDUM OPINION[*]

v.      Record No. 1158-06-4                              PER CURIAM
                                                     NOVEMBER 21, 2006

ALEXANDRIA DIVISION OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

(Douglas A. Steinberg; Law Office of Gwena Kay Tibbits, on brief),
for appellant.

(Jonathan D. Westreich, on brief), for appellee.

(Stephen F. Moller, on brief), Guardian *ad litem* for the infant
child.


Nathan Seibert appeals from the trial court's decision terminating his residual parental

rights to his daughter, N.S., pursuant to Code § 16.1-283(B) and (C).  Seibert contends the trial

court erred in admitting hearsay statements of a child who was not a party in this case, admitting

hearsay statements and opinions from the Court Appointed Special Advocate (CASA) reports,

terminating his parental rights because no services were offered to him, and permitting a social

worker to testify that the goal of adoption was in the best interests of N.S.  Upon review of the

record and briefs, we conclude this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). So viewed, the evidence showed that on February 20, 2004, the Alexandria Sheriff's Department went to Seibert's residence to execute an arrest warrant. They discovered Seibert, a convicted child sex offender, at the residence alone with N.S., who was two years old, and H.S., the three-year-old daughter of Seibert's girlfriend, Brandy Hoffman. Seibert was arrested for being a fugitive and for being in violation of his probation and parole. On February 25, 2004, the Alexandria Division of Social Services (DSS) obtained custody of N.S. The trial court determined that N.S. was abused and neglected as defined by Code § 16.1-288 and that Seibert had been alone with children in violation of the terms of his probation. On April 26, 2005, this Court summarily affirmed the trial court's decision that N.S. was abused and neglected. Seibert v. Alexandria Division of Soc. Servs., Record No. 2688-04-4 (Va. Ct. App. Apr. 26, 2005).

In February 2004, Anita Martineau of the Alexandria Child Protective Services went to the detention center and attempted to communicate with Seibert about N.S., but he refused to talk with her. Approximately one month later, Martineau attempted to speak with Seibert, but he again refused to speak with her. Appellant never contacted DSS to inquire about N.S. The goal of the initial care plan was to return N.S. to Hoffman, but in January 2006, the goal of returning N.S. to Hoffman was changed to adoption, and Hoffman's parental rights to N.S. were terminated.

After DSS took custody of H.S. and N.S., Martineau interviewed them. At the termination hearing, Martineau testified H.S. stated that Seibert had given her a "bad touch" on her chest and Hoffman had coached her to say that Seibert had only touched her belly button. Chris Vaggalis, a social worker, testified DSS was not permitted to provide sex offender treatment or other therapies to an incarcerated individual. At the time of the termination hearing, N.S. had been in foster care for over two years. Vaggalis testified it was in N.S.'s best interests

to be adopted.  At the termination hearing, the trial court admitted into evidence the CASA

reports.  Seibert admitted he was involved with N.S.'s care for only approximately three weeks

after she was born and for approximately six months when she was two years old.

I.

Seibert argues the trial court erred in admitting into evidence hearsay statements made to

Martineau by H.S., who was not his daughter.

Assuming without deciding the trial court erred in admitting this testimony, the content of

the challenged statements to Martineau was also contained in the affidavit attached to the

Emergency Removal Order for N.S. and admitted into evidence without objection.  "'Even

though testimony is objectionable as hearsay, its admission is harmless error when the content of

the extrajudicicial declaration is clearly established by other competent evidence.'"  West v.

Commonwealth, 12 Va. App. 906, 911, 407 S.E.2d 22, 25 (1991) (quoting Schindel v.

Commonwealth, 219 Va. 814, 817, 252 S.E.2d 302, 304 (1979)).  Other competent evidence

admitted at the termination hearing established H.S.'s statement to Martineau.  Accordingly,

admission of the testimony, if error, was harmless.

II.

Seibert argues the trial court erred in admitting hearsay statements and opinion from the

CASA reports.

Code § 9.1-153 allows the court to admit as evidence CASA reports.  Code § 9.1-153

requires the CASA advocate to "[s]ubmit to the court [] a written report of his investigation in

compliance with the provisions of § 16.1-274.  The report . . . may include recommendations as

to the child's welfare."  Code § 9.1-153 also permits the CASA advocate who prepared the report

to "testify if called as a witness."  The CASA reports were properly prepared and filed, and the

- 3 -

trial court did not err by admitting into evidence the reports pursuant to Code §§ 9.1-153 and 16.1-274.

III.

Seibert argues the trial court erred in terminating his rights because DSS failed to provide him with any services.

"Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family." Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted). The trial judge's findings, "'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (quoting Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)).

The trial court terminated Seibert's parental rights pursuant to Code § 16.1-283(B) and (C)(2). Code § 16.1-283(B) requires proof, by clear and convincing evidence that "[t]he neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development" and "[i]t is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time." In making a determination that the neglect or abuse cannot be corrected, "the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care." Code § 16.1-283(B)(2).

"Code § 16.1-283(B) requires only that the circuit court consider whether rehabilitation services, if any, have been provided to a parent. Nothing in Code § 16.1-283 or the larger statutory scheme requires that such services be provided in all cases as a prerequisite to termination under subsection B." Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 268, 616 S.E.2d 765, 771 (2005).

N.S. was abused and neglected when she was left alone with Seibert. By being alone with N.S., Seibert violated the terms of his probation and parole. Code § 16.1-283(B) does not require DSS to offer rehabilitative services to Seibert, but requires that the trial court take into consideration services offered to him prior to N.S.'s initial placement in foster care. DSS was not required to offer rehabilitative services to Seibert under Code § 16.1-283(B). Credible evidence supports the trial court's decision to terminate Seibert's parental rights pursuant to Code § 16.1-283(B). Where a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, we need not address the other grounds. Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005). Thus, we need not consider the trial court's decision to terminate Seibert's parental rights pursuant to Code § 16.1-283(C)(2).

IV.

Seibert argues the trial court erred in permitting Vaggalis to testify that the goal of adoption was in the best interests of N.S.

Code § 8.01-401.3(B) provides, "No expert or lay witness while testifying in a civil proceeding shall be prohibited from expressing an otherwise admissible opinion or conclusion as to any matter of fact solely because that fact is the ultimate issue or critical to the resolution of the case." Based upon Code § 8.01-401.3(B), the trial court did not err in admitting into evidence Vaggalis's testimony that adoption was in the best interests of N.S.

Accordingly, we summarily affirm the decision of the trial court terminating Seibert's parental rights to N.S.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>