COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia

MICHAEL A. BAILEY

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2665-06-1                          JUDGE D. ARTHUR KELSEY
                                                        JANUARY 8, 2008

COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Dean W. Sword, Jr., Judge

            S. Jane Chittom, Appellate Defender (Office of the Appellate
            Defender, on briefs), for appellant.

            Rosemary V. Bourne, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        The trial court convicted Michael A. Bailey of possession of cocaine with intent

to distribute, a violation of Code § 18.2-248(A).  On appeal, Bailey challenges the

relevance of certain evidence admitted at trial and the evidentiary sufficiency of his

conviction.  Finding neither challenge persuasive, we affirm.

                                            I.

        Under settled principles, we review the evidence in the "light most favorable" to

the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786

(2003).  That principle requires us to "discard the evidence of the accused in conflict with

that of the Commonwealth, and regard as true all the credible evidence favorable to the

Commonwealth and all fair inferences to be drawn therefrom."  Parks v. Commonwealth,

221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

        The evidence at trial described an on-going drug surveillance operation conducted

at the 40 and 50 block of Grove Street in Portsmouth, an area notorious for drug dealing.

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

From a concealed location, Officer S.W. Johnson observed several apparent drug sales at 57 Grove Street. The police had already made several arrests in this area that day and recovered crack cocaine. Officer Johnson saw Bailey talking with Sharon Boone in front of the residence at 57 Grove Street. They appeared to be sharing a marijuana cigarette. For a period of time, Bailey sat in front of the residence in a lawn chair as Boone repeatedly walked in and out. Officer Johnson watched as a vehicle stopped in the middle of the street in front of the residence. A female exited and walked to the front of the vehicle. Bailey rose from the lawn chair, walked over to the woman, and briefly spoke with her. He then took cash from the woman and walked to the side of the front porch at 57 Grove Street.

After Bailey said something, Boone appeared from the front door and reached into the right rear pocket of her jeans. She removed a plastic bag, extracted from the bag what appeared to Officer Johnson to be a rock of crack cocaine, and handed the rock to Bailey. He, in turn, handed her the money he had received from the woman at the car. Boone returned the plastic bag to her right rear pocket and placed the money in a different jeans pocket. Boone then went back into the residence. Bailey walked back to the street, where he handed the rock to the woman at the car. The woman got back into the vehicle and left. Bailey returned to the lawn chair.

Police officers then arrested Bailey and Boone for suspected distribution of cocaine. In Boone's right rear pocket, officers found a bag containing four rocks of crack cocaine. They also found $80 in cash in one of her front pockets. Boone confessed to police that Bailey gave her $10 in "exchange" for the "dime" in her back pocket. When asked what a "dime" was, Boone answered, "I guess crack." When asked if by "crack" she meant crack cocaine, she responded, "I guess so."

A grand jury indicted Bailey for distribution of cocaine and for conspiring to distribute cocaine. At trial, Boone testified she did not have an "independent recollection" of the events but could affirm that her earlier statement to the police was "true and correct." She also admitted that she pled guilty to "selling cocaine on that day" but made no specific agreement with the prosecution to testify against Bailey.

Without objection, the trial court admitted into evidence the certificate of analysis confirming that the four rocks taken from Boone's right rear pocket, which Officer Johnson suspected to be cocaine, were in fact cocaine. When the prosecutor offered the actual rocks of cocaine (previously analyzed and described by the certificate of analysis), Bailey objected. The cocaine, counsel argued, lacked a sufficient "nexus" between Boone and Bailey. The trial court disagreed and admitted the cocaine into evidence.

At the close of the Commonwealth's evidence, the trial court dismissed the conspiracy charge and denied Bailey's motion to strike the evidence of the possession with intent to distribute charge. Bailey elected not to present any evidence. The trial court found him guilty of possession of cocaine with intent to distribute.

II.

On appeal, Bailey contends the trial court erred in admitting the four rocks of cocaine into evidence because they were legally irrelevant. Bailey also argues that the evidence failed to prove his guilt beyond a reasonable doubt. We disagree with both assertions.

A. *The Admissibility of the Same-Bag, Same-Pocket, Cocaine Rocks*

Any evidence, "however remote or insignificant, that tends to establish the probability or improbability of a fact in issue is relevant." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811,

613 S.E.2d 870 (2005) (footnote and citation omitted). In other words, "evidence has relevance if it 'tends to cast any light' on any material point." Id. at 753, 607 S.E.2d at 744 (citation omitted). Thus, the evidence need not itself be dispositive:

> It is its tendency to prove or disprove — not its sufficiency, standing alone, to satisfy the ultimate burden of proof — that makes a fact relevant: "It is universally recognized that evidence, to be relevant to an inquiry, need not conclusively prove the ultimate fact in issue, but only have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"

Id. at 753-54, 607 S.E.2d at 744 (footnote omitted) (quoting McKoy v. North Carolina, 494 U.S. 433, 440 (1990), with citations and internal brackets omitted); see also Pryor v. Commonwealth, 50 Va. App. 42, 50-51, 646 S.E.2d 21, 25 (2007).

We agree with the trial court that the four rocks of crack cocaine found in the bag taken from Boone's right rear pocket were relevant to this case. Officer Johnson saw Boone take out of that same pocket (and same bag) what appeared to be a rock of crack cocaine and give it to Bailey in exchange for money. Boone confessed to police that she received $10 from Bailey and in return gave him a "dime" of what she reluctantly acknowledged ("I guess so") to be crack cocaine. She later pled guilty to selling cocaine. It is of obvious relevance that the rock that *appeared* to be cocaine came from a stash of rocks that proved *in fact* to be cocaine. To be sure, had the rocks instead been four peppermint candies, Bailey would no doubt remonstrate — correctly so — about their logical relevance to the case.[1]

_____

[1] Given our ruling, we need not address the Commonwealth's argument that, even if the admission of the four rocks of cocaine was error, it was harmless given the uncontested admission of the certificate of analysis proving the four rocks found in Boone's right rear pocket to be crack cocaine. See Smoot v. Commonwealth, 18 Va. App. 562, 566, 445 S.E.2d 688, 690-91 (1994) (applying harmless error "because the

B.  *Sufficiency of the Evidence*

In Virginia, the factfinding of a lower court receives "the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006).  Presuming factual findings to be correct, we reverse "only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted); see also Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004) (citation omitted).  Under this standard, a "trial judge's factual findings cannot be disturbed on appeal unless no 'rational trier of fact' could have come to the conclusions he did." Boyd v. County of Henrico, 42 Va. App. 495, 525, 592 S.E.2d 768, 783 (2004) (*en banc*) (citations omitted).

To be found guilty under Code § 18.2-248(A), a defendant must possess "the controlled substance contemporaneously with his intention to distribute that substance." Craddock v. Commonwealth, 40 Va. App. 539, 553, 580 S.E.2d 454, 461 (2003) (citation omitted).  Like any other *mens rea* issue, intent to distribute can be (and usually must be) inferred from the surrounding circumstances. See Cost v. Commonwealth, 49 Va. App. 215, 228, 638 S.E.2d 714, 720 (2006).  "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (citation omitted); see also Harper v. Commonwealth, 49 Va. App. 517, 521-22, 642 S.E.2d 779, 781 (2007).

---

same information was properly before the fact finder by virtue of other evidence"); West v. Commonwealth, 12 Va. App. 906, 911, 407 S.E.2d 22, 25 (1991).

In this case, we have no difficulty confirming the rationality of the trial court's factfinding. Officer Johnson saw Bailey possess what appeared to be a rock of crack cocaine. Bailey received it from Boone who pulled the rock out of a bag taken from her right rear pocket. In that same bag was a stash of four other rocks of crack. Boone admitted giving a "dime" rock to Bailey in exchange for $10, a transfer that took place just after Bailey had received a sum of money from the woman stepping out of the car stopped in the middle of the street.

Bailey argues "one might *surmise*" he obtained a rock of crack cocaine from Boone, but that inference would be "only a conjecture." Appellant's Br. at 11 (emphasis in original). We concede the line between supposition and proof sometimes blurs, but like everything else it depends on where the line is initially drawn. The burden of proof in criminal cases, however, is not irrefutable certitude or the absence of every ephemeral possibility of doubt — it is proof beyond a *reasonable* doubt. "Anything is possible," as Judge Posner has observed, "but a merely metaphysical doubt . . . is not a reasonable doubt for purposes of the criminal law. If it were, no one could be convicted." United States v. Ytem, 255 F.3d 394, 397 (7th Cir. 2001) (citations omitted).

## III.

Finding no evidentiary errors or insufficiencies of proof, we affirm Bailey's conviction for possession of cocaine with intent to distribute.

Affirmed.