COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Russell and Athey

FARAH KHAKEE, F/K/A
  FARAH RODENBERGER

MEMORANDUM OPINION* BY
JUDGE GLEN A. HUFF
FEBRUARY 25, 2020

v.        Record No. 1030-19-4

DAVID WAYNE RODENBERGER

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Grace Burke Carroll, Judge

(Farah Khakee, on brief), *pro se*. Appellant submitting on brief.[1]

(Camille A. Crandall; Hicks Crandall Juhl PC, on brief), for
appellee. Appellee submitting on brief.

Farah Khakee ("mother") appeals an order of the Fairfax County Circuit Court granting

David Wayne Rodenberger ("father") sole legal custody, modifying mother's visitation rights,

and denying her request to seal the case. Mother raises ten assignments of error. For the reasons

that follow, this Court affirms.

## I. BACKGROUND

"Under familiar principles we view [the] evidence and all reasonable inferences in the

light most favorable to the prevailing party below. Where, as here, the court hears the evidence

*ore tenus*, its findings are entitled to great weight and will not be disturbed on appeal unless

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On the day scheduled for oral argument appellant requested a continuance due to a medical emergency. Oral argument was rescheduled for a later telephone hearing. On the day of the telephone hearing appellant, for unknown reasons, was not able to participate in the conference call. In light of the circumstances, and with the agreement of counsel for appellee, the matter was submitted on briefs.

plainly wrong or without evidence to support it." Pommerenke v. Pommerenke, 7 Va. App. 241, 244 (1988) (quoting Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20 (1986)).  So viewed, the evidence is as follows:

The parties were married in 1999.  They had two daughters, one in 2006 and the other in 2008.  The parties separated in 2012, and mother filed for divorce.  In 2013, the parties reached a settlement agreement that resolved custody, support, and equitable distribution.  The trial court incorporated that agreement into its final custody order and final decree of divorce.  Pursuant to that agreement, the trial court awarded mother primary physical custody of the children and permitted her to remain in New York, where mother had moved after the separation.  The court awarded the parties joint legal custody.

In 2015, the trial court granted father's motion to modify custody and awarded him primary physical custody.  It continued joint legal custody.  It awarded mother visitation for four weeks in the summer, six specific three-day weekends, alternating year visitation for the Thanksgiving and spring breaks, and half the Christmas holiday break.  The trial court ordered the children to continue "therapy with Dr. Christopher Lane until such time as they are released from therapy by Dr. Lane or the parties mutually agree to terminate the therapy."

In early 2019, mother, acting *pro se*, filed several motions.  She moved to seal the record in the case, to terminate the appointment of Dr. Lane because he had ceased treatment, to order treatment with a new therapist, and to modify physical custody to a one week on, one week off arrangement to allow equal parenting time because she had moved to Virginia where father continued to reside.

The trial court held a two-day hearing beginning April 30, 2019.  At the beginning of the hearing, father moved to quash subpoenas *duces tecum* mother had had served on the parties'

daughters the day before. The trial court quashed the subpoenas, finding that they had not been timely served.

During opening arguments, father asserted that the parties could not co-parent and requested that he be granted sole legal custody. Mother objected, arguing that legal custody was not before the court because nothing had been filed about legal custody. The trial court explained that mother had moved to modify custody and that, if the trial court found a material change in circumstances, all aspects of custody, physical and legal, would be open to modification.

After the hearing, the trial court found there had been two material changes in circumstances. First, it found mother had moved to Virginia. Second, it found that the parties could not co-parent. After reviewing the statutory factors, it found it was in the best interest of the children that father have ultimate decision-making authority. Although the trial court required "good faith consult[ation] with one another on the issues of education, religion, and medical treatment, and extracurricular activities," it gave father sole legal custody and legal decision-making authority if the parties could not agree.

The trial court also increased mother's visitation schedule. It awarded her visitation every other weekend and the evening on alternating Thursdays instead of the six specific long weekends it had previously awarded. Otherwise, the trial court left in place the remainder of the visitation schedule.

By agreement of the parties, the trial court granted the motion to remove Dr. Lane as treating therapist and required the parties to select a new therapist. It denied the motion to seal.

This appeal followed.

## II.  ANALYSIS

As the party alleging reversible error, "the burden is on [mother] to show that reversal is justified."  D'Agnese v. D'Agnese, 22 Va. App. 147, 153 (1996).  Moreover, this Court will not "search the record for error in order to interpret [mother]'s contention[s] and correct deficiencies in a brief."  West v. West, 59 Va. App. 225, 235 (2011) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)).  "[I]t is not this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [mother's] claims . . . .'"  Martin v. Commonwealth, 64 Va. App. 666, 674 (2015) (quoting Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)).  Moreover, self-represented litigants are "no less bound by the rules of procedure and substantive law than [parties] represented by counsel."  Townes v. Commonwealth, 234 Va. 307, 319 (1987).

### A.  Issues Waived

#### 1.  Failure to Argue

Rule 5A:20 requires that appellant's brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."  Accordingly, Rule 5A:20(e) bars this Court from addressing any issues unsupported by argument or authority.  Epps v. Commonwealth, 47 Va. App. 687, 718 (2006) (*en banc*), aff'd, 273 Va. 410 (2007).  Additionally, "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration."  Buchanan, 14 Va. App. at 56.

> Appellate courts are not unlit rooms where attorneys may wander blindly about hoping to stumble upon a reversible error.  If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention.

Fadness v. Fadness, 52 Va. App. 833, 851 (2008).

Here, mother's fifth assignment of error claims the trial court erred because it punished the minor children for alleging father "abused/neglected/mistreated them." Mother never develops this argument anywhere in the argument section of her brief and thus has waived this error.

In her seventh assignment of error, mother claims the trial court erred because it refused to enforce subpoenas *duces tecum* of the minor children that were only served the day before the hearing. As with her fifth assignment of error, however, mother never develops that argument anywhere in the argument section of her brief. She has thus waived the assignment of error.

Moreover, mother's first assignment of error claims the trial court erred by failing to seal the record. Although mother makes a passing reference to the failure to seal in the argument section of her brief, she cites no authority supporting her argument that the trial court should have sealed the record. This Court finds that the failure to cite authority is significant and that mother's first assignment of error is waived. See Atkins v. Commonwealth, 57 Va. App. 2, 20 (2010) ("Because appellant provides no legal argument or authority in his brief to support his argument, and we find this omission significant, appellant's claim that the trial court erred . . . is waived under Rule 5A:20(e).").

## 2. Failure to Preserve

Rule 5A:18 provides that "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or . . . to attain the ends of justice." "Rule 5A:18 applies to bar even constitutional claims." Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998). In order to preserve an issue for appeal, "an objection must be timely made and the grounds stated with specificity." McDuffie v. Commonwealth, 49 Va. App. 170, 177 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621 (1986)). Further, making one specific argument on an

issue does not preserve a separate legal point on the same issue for review. Clark v. Commonwealth, 30 Va. App. 406, 411-12 (1999). Indeed, "[t]he primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary." Neal v. Commonwealth, 15 Va. App. 416, 422 (1992) (internal citation omitted). Therefore, this Court does not consider issues not raised in the trial court on appeal. West Alexandria Prop., Inc. v. First Virginia Mortgage and Real Estate Inv. Trust, 221 Va. 134, 138 (1980) ("On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court.").

### a. Due Process Claim

In her tenth assignment of error, mother claims the trial court erred by depriving her of due process. In her brief, she argues that the trial court deprived her of due process because the trial court modified legal custody when neither party had filed a motion for a change in legal custody.[2] The trial court held that once it found a material change in circumstances for mother's motion to change physical custody to equal time for each parent, all custody issues, including legal custody, would be reevaluated in light of the best interests of the children. Although mother objected to considering a change in legal custody, she did not argue to the trial court that she was being deprived of due process by the lack of a separate motion for a change in legal custody. Because mother did not raise due process in the trial court, she may not argue before this Court that the lack of a motion for change in legal custody deprived her of due process of law.

---

[2] Father's attorney did orally request a change in legal custody at the start of the hearing that had been scheduled to address mother's request for a change in physical custody.

*b. Dr. Lane's testimony*

In her eighth assignment of error, mother claims the trial court erred because it did not "consider the absence of the subpoenaed court-ordered therapist, Christopher Lane." Although mother discussed Dr. Lane's absence at the hearing during her closing argument, she never moved for a continuance to allow her to properly serve the subpoena, enforce the subpoena, or otherwise request that the trial court compel Dr. Lane's attendance and testimony. By failing to request a continuance or otherwise ask the trial court to compel Dr. Lane's attendance, she deprived the trial court of the opportunity to craft an appropriate solution. Thus, she has waived any claim of error.

### 3. Approbate and Reprobate

In her third and fourth assignments of error, mother claims the trial court erred because there was no material change in circumstances supporting a change of legal custody. "The Supreme Court has held that '[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'" Nelson v. Commonwealth, 71 Va. App. 397, 403 (2020) (quoting Rowe v. Commonwealth, 277 Va. 495, 502 (2009)). "The 'doctrine against approbation and reprobation' applies both to assertions of fact and law, and precludes litigants from 'playing fast and loose' with the courts, or 'blowing hot and cold' depending on their perceived self-interests." Babcock & Wilcox Co. v. Areva NP, Inc., 292 Va. 165, 204-05 (2016) (quoting Wooten v. Bank of Am., N.A., 290 Va. 306, 310 n.1 (2015); Wilroy v. Halbleib, 214 Va. 442, 445 (1974); and United Va. Bank v. B.F. Saul Real Estate Inv. Tr., 641 F.2d 185, 190 (4th Cir. 1981)). By requesting a change in physical custody, mother necessarily claimed there was a material change in

circumstances. She will not now be heard on appeal to argue that no material change in circumstances exists.[3]

## B. Excluded Text Messages

In her sixth assignment of error, mother claims the trial court erred by excluding text messages from one of her daughters that showed the daughter's state of mind. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Va. R. Evid. 2:801(c).

> Hearsay evidence is testimony given by a witness who relates, not what he knows personally, but what others have told him or what he has heard said by others. When offered for the truth of the matters asserted, unless the statement falls within one of the many exceptions, such evidence is not admissible.

Strohecker v. Commonwealth, 23 Va. App. 242, 253 (1996). Moreover, "double hearsay," or hearsay within hearsay, is "doubly suspect." Serv. Steel Erectors Co. v. Int'l Union of Operating Engineers, Local 147, 147A, 147B & 147R, 219 Va. 227, 236 (1978). "[I]n order for a hearsay declaration which contains hearsay within it to be admissible, both the primary hearsay declaration and each hearsay declaration included within it must conform to a recognized exception to the hearsay rule." West v. Commonwealth, 12 Va. App. 906, 910 (1991).

Here, mother attempted to authenticate the text messages through the testimony of father. The daughter, however, did not send the text messages to him. He only knew of the text messages because mother sent them to him in an email. Thus, the text messages mother sought to introduce were double hearsay. The daughter's communications to mother were one level of

---

[3] In her third assignment of error, mother also argues the trial court impermissibly terminated her parental rights. Granting sole legal custody to father is far different from terminating mother's parental rights. Because mother's argument is based on an action the trial court did not take, her argument does not warrant further consideration. See Teleguz v. Commonwealth, 273 Va. 458, 471 (2007) ("Accordingly, these assignments of error do not address a ruling made by the trial court and we do not consider them.").

hearsay, and mother's communication of those messages to father was a second layer of hearsay asserting the messages had been sent by the daughter.  Even if this Court were to assume that the communication from the daughter to mother fit within the state of mind hearsay exception, mother does not explain why her hearsay declaration that the daughter had sent the messages was admissible.  Mother failed to establish that father had any personal knowledge that daughter had indeed sent the messages and thus failed to establish their admissibility.[4]  Va. R. Evid. 2:602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); West, 12 Va. App. at 911 ("Since [mother] sought to have the hearsay testimony admitted, the burden was on [mother] to show that the declaration fell within an exception to the rule against hearsay.").  Thus, the trial court did not err in excluding the proffered text messages.

### C.  Alleged Modification of Settlement Agreement

Finally, mother claims in her second and ninth assignments of error that the trial court impermissibly modified the parties' settlement agreement and the final decree of divorce.  She argues that because the settlement agreement provided for joint legal custody, the trial court could not modify legal custody without re-writing the settlement agreement.  Further, she argues that Code § 20-109(C) requires the trial court to follow the settlement agreement and prohibits it from ever entering an order inconsistent with the agreement.  Because Code § 20-109(C) does not prohibit modification of custody awards—even if the award is based on an agreement—when circumstances have materially changed, this Court affirms.

---

[4] Mother did not seek, based on her own personal knowledge, to admit the text messages when she testified.

- 9 -

Code § 20-109(C) provides that

> In suits for divorce, annulment and separate maintenance, . . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract.

By its own terms, Code § 20-109(C) applies only to awards for spousal support or similar awards. It does not apply to child custody. Unlike Code § 20-109(C), Code § 20-108 specifically addresses child custody. It specifically authorizes trial courts to modify child custody orders when there is a material change in circumstances.

Moreover, "[i]n determining child custody issues . . . the trial court's paramount concern and the determinative factor must remain the 'best interests of the child,' regardless of what the parents desire." Cloutier v. Queen, 35 Va. App. 413, 423 (2001). "[T]he parties may not, by agreement, prevent the court from exercising its power to change, modify, or enforce its decree concerning the custody and maintenance of minor children." Shoup v. Shoup, 37 Va. App. 240, 250 (2001). Indeed, although the parties may reach an agreement regarding child custody in the first instance, the trial court may not incorporate that agreement into an order without first independently determining whether the agreement promotes the best interests of the child. Cf. id. ("First, the court must review the provisions of the [child support] agreement for their consistency with the best interests of the child or children whose welfare the agreement addresses.").

Thus, a trial court retains authority to modify child custody upon a material change in circumstance even after the parties reach a settlement agreement that is incorporated into a final decree of divorce. Because the parties may not contract away the trial court's authority to change child custody when there is a material change in circumstances, every settlement

- 10 -

agreement involving custody is implicitly made subject to those modifications. Thus, the trial court had authority to modify legal custody, and this Court affirms.

## III. CONCLUSION

This Court concludes that mother has waived the majority of her claims for failure to properly brief them and failure to present them to the trial court. Moreover, the trial court properly excluded the text messages as hearsay when mother did not provide an explanation how both layers of the double hearsay satisfied an exception. Finally, the trial court has the authority to modify custody without re-writing the parties' settlement agreement. Thus, this Court affirms.

<u>Affirmed.</u>