Present: All the Justices

LEROY ROBINSON, JR.

OPINION BY
v. Record No. 981691      CHIEF JUSTICE HARRY L. CARRICO
June 11, 1999
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA


The defendant, Leroy Robinson, Jr., was convicted in a bench trial in the Circuit Court of Henrico County of grand larceny for the theft of three sport coats from Hecht's Department Store at Regency Square Shopping Center in Henrico County. After receiving and considering a probation report, the trial court sentenced the defendant to serve fifteen years in the penitentiary, with ten years suspended.

The Court of Appeals affirmed the conviction by order, and we awarded the defendant this appeal. In a single assignment of error, the defendant contends that "[t]he trial court erred in admitting hearsay testimony of store employees concerning the price listed on store tags to prove value."

Grand larceny consists of the theft, not from the person of another, of goods and chattels valued at $200.00 or more. Code § 18.2-95(ii). This statutorily specified amount is an essential element of the offense, and the

burden is upon the Commonwealth to establish that element by proof beyond a reasonable doubt. Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994). "Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount." Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).

The test is market value, and particularly retail value. See People v. Irrizari, 156 N.E.2d 69, 71 (N.Y. 1959). "[F]air market value is the price property will bring when offered for sale by a seller who desires but is not obliged to sell and bought by a buyer under no necessity of purchasing." Board of Supervisors v. Donatelli & Klein, Inc., 228 Va. 620, 628, 325 S.E.2d 342, 345 (1985). And the original purchase price of an item is admissible as evidence of its current value. Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997); Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981).

At trial in the circuit court, Jonathan K. Cessna, a security agent for Hecht's who witnessed the theft of the three sport coats, testified over the defendant's hearsay

objection that the value of the coats totaled $499.97. Cessna also testified that he knew what the value was because "that's what it is on the price tags" and "that's what they're sold for."

Victoria Ann Burton, a regional director of Hecht's who also witnessed the theft, testified over the defendant's hearsay objection that the sport coats were valued at $499.97 and that she knew the value from the "tickets [that] were attached to the [coats]." Neither the Commonwealth nor the defendant offered any other evidence concerning the value of the coats, and, while photographs of the coats were introduced into evidence, neither the coats themselves nor the price tags were offered into evidence.

In overruling the defendant's hearsay objection to the testimony of the store employees, the trial judge observed that the price tag affixed to an item "is the evidence of the value of the item." In affirming, the Court of Appeals stated in its order that "the trial court did not err in overruling [the defendant's] hearsay objection."

On appeal, the defendant points out correctly that hearsay is an out-of-court statement offered to prove the truth of the matter asserted and that hearsay includes testimony given by a witness who relates not what he knows

3

personally but what others have told him or what he has read.  See Williams v. Morris, 200 Va. 413, 417, 105 S.E.2d 829, 832 (1958); Cross v. Commonwealth, 195 Va. 62, 74, 77 S.E.2d 447, 453 (1953).  The defendant also points out correctly that hearsay evidence is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule, West v. Commonwealth, 12 Va. App. 906, 909, 407 S.E.2d 22, 23 (1991), and that the party attempting to introduce a hearsay statement has the burden of showing the statement falls within one of the exceptions, Doe v. Thomas, 227 Va. 466, 472, 318 S.E.2d 382, 386 (1984).

Here, the defendant says, the stolen items and their price tags were not offered into evidence, but the store employees testified "to what the out-of-court price tags said in order to prove the value of the items."  This, the defendant maintains, was "hearsay to prove hearsay" or, in other words, "double hearsay" and inadmissible because not permitted under any exception to the hearsay rule.

We have not previously considered the question whether the amount shown on a price tag affixed to an item by a retailer, or, if the tag is not offered into evidence, the amount a witness says he observed on the tag, constitutes inadmissible hearsay when offered to prove the value of the item in a prosecution for its theft.  The Commonwealth

4

states, however, that "many courts have found [that] the amount on the price tag is a reliable, common-sense source of evidence in determining the fair market value of the item to which it is affixed."

The Commonwealth discusses at some length Boone v. Stacy, 597 F.Supp. 114 (E.D. Va. 1984), State v. White, 437 A.2d 145 (Conn. Super. Ct. 1981), and Norris v. State, 475 S.W.2d 553 (Tenn. Crim. App. 1971). In Boone, a federal habeas corpus case applying Virginia law, the petitioner attacked his conviction of grand larceny in state court for the theft from a department store of five dresses. In the criminal trial, the store's assistant manager testified that the tagged selling price of the five dresses was $424.00 and their cost price was $211.00. 597 F.Supp. at 116. The petitioner objected to the testimony concerning cost on hearsay grounds. In the habeas case, the petitioner asserted that "the tagged selling price of the dresses is not the test of market value nor can it be the basis for testimony, but rather that fair market value must be established in some other fashion." Id. at 115.

In dismissing the habeas petition, the district judge wrote that "[t]he general rule in a shoplifting case is that uncontradicted evidence that merchandise was displayed in a retail establishment for regular sale at a marked

5

price representing its retail price can serve as sufficient circumstantial evidence of fair market value." Id. at 117. The judge also wrote that "[c]ourts have stated that the tagged retail price serves as 'competent evidence,'" id. (quoting Calbert v. State, 670 P.2d 576, 576 (Nev. 1983)), "or, alternatively, that, though hearsay, the price tag is 'a document prepared or entry made in the regular course of business,'" id. at 118 (quoting Lauder v. State, 195 A.2d 610, 611 (Md. 1963)).

In White, the trial court admitted into evidence over a hearsay objection price tags affixed to four items of stolen clothing as proof of the items' value. Affirming this action, the appellate court stated:

> The defendant's arguments against the admissibility of these tags are without merit. We are unpersuaded by the argument that such tags are technically excludable as hearsay unless qualified under the business records exception . . . since the inherent unreliability of hearsay is not present in this type of evidence. Rather, the fact that price tags generally reflect market value may be judicially noted, since this fact is both commonly known and capable of ready demonstration.

437 A.2d at 148.

In Norris, the accused was convicted of shoplifting a television set valued at more than $100.00. As in the present case, the only proof of the value of the set consisted of the testimony of two store security officers

6

"to the fact that the set carried a price tag of $109.95, and that that was its price (value)." 475 S.W.2d at 555. The appellate court affirmed the conviction, stating as follows: "That the television set was displayed for sale over a period of time with a certain price tag upon it is not hearsay, but fact; and is evidence that the tag reflected its retail value." Id. at 555-56. The court also indicated that the testimony would be admissible under the business records exception to the hearsay rule. Id. at 556.

The Commonwealth also cites Armstrong v. State, 516 So.2d 806, 809 (Ala. Crim. App. 1987) (value of stolen item established when box containing stolen item is marked with price tag and admitted into evidence); Watson v. State, 415 So.2d 128, 128 (Fla. Dist. Ct. App. 1982) (testimony of department store employee concerning contents of price tag not hearsay); Kowalczk v. State, 394 S.E.2d 594, 595 (Ga. App. 1990) (testimony of store manager as to actual retail price of stolen merchandise sufficient to establish value); People v. Drake, 475 N.E.2d 1018, 1020-22 (Ill. App. 2d. 1985) (information shown on stickers attached to stolen items admissible and competent evidence); Lauder, 195 A.2d at 611 (price tags admissible where tag is attached at time of arrest and similar tags are attached to other articles

throughout store); Lacy v. State, 432 So. 2d 1205, 1206 (Miss. 1983) (adopting judicial notice rationale of State v. White, supra, in holding price tags not inadmissible on hearsay grounds when tags attached at time of theft, no reduced price sale in progress at store, and witness had training in pricing); Calbert, 670 P.2d at 576 (price tags attached to goods at time of theft competent evidence of value); City of Albuquerque v. Martinez, 604 P.2d 842, 843 (N.M. App. 1979) (price tag proper source from which to infer precise value of stolen item); State v. Rainwater, 876 P.2d 979, 982 (Wash. Ct. App. 1994) (adopting judicial notice rationale of State v. White, supra, in holding price tags admissible when case involves retail store commonly known to sell goods for non-negotiable price shown on tag).

The defendant cites some of the same cases and, in addition, State v. Odom, 393 S.E.2d 146, 151 (N.C. App. 1990) (security employee's experience qualified price tags as records kept in regular course of business and knowledge gained from tags themselves did not bar their admission as evidence of value), and State v. Kleist, 895 P.2d 398, 400 (Wash. 1995) (admission of price tags as evidence necessitated foundation testimony which was supplied by store's security guard and sales manager).

In analyzing these cases, it is interesting to note that not one holds that price tags or testimony relating to price tags is inadmissible per se.[1] All hold price-tag evidence admissible, but give varying reasons, or no reason at all, for admissibility. Some say the evidence is admissible because what is asserted is not hearsay, others because the evidence qualifies under the business records exception to the hearsay rule, some pursuant to the judicial notice rationale, and some when foundation testimony is provided.

Apparent throughout, however, is a reluctance on the part of the courts involved to say that something is hearsay or, if it is, that an exception to the hearsay rule should be recognized to make it admissible. We are of opinion that what we are dealing with in this case is

---

[1] In a case not cited by the parties, the Supreme Court of Colorado held that price tags constituted hearsay and were inadmissible because no foundation testimony was presented to establish the value of the stolen items or to show that the price tags were accurate and prepared in the ordinary course of business so as to bring them within the business records exception to the hearsay rule. People v. Codding, 551 P.2d 192, 193 (Colo. 1976). The Colorado legislature then enacted a statute providing that price tags shall be prima facie evidence of value when theft occurs from a store and that, in all cases where theft occurs, hearsay evidence shall not be excluded in determining the value of the thing involved. Colo. Rev. Stat. § 18-4-414 (1985).

hearsay[2], that it is not admissible under any presently recognized exception to the hearsay rule,[3] and that we should consider recognizing an exception to the rule to permit its admission.

What is involved here is a simple, uncomplicated matter. Shoplifting is something that occurs thousands and thousands of times throughout this country every day. It is common knowledge that department and other stores regularly affix price tags to items of merchandise and that the tagged price is what a purchaser must pay to acquire an item, without the opportunity to negotiate a reduced price or to question how the tagged price was reached.

Under these circumstances, "the inherent unreliability of hearsay is not present." State v. White, 437 A.2d at 148. Therefore, it would be unreasonable and unnecessary to require that in each case a merchant must send to court not only a security person but also other personnel to

---

[2] Cessna's statement that "that's what they're sold for," if based on his personal experience in the store rather than a mere reading of the price tags, would not be hearsay, but there is nothing in the record indicating that the statement was based on such personal experience.

[3] The evidence involved in this case does not fall within the business records exception to the hearsay rule because no foundation was laid to establish "the regularity of . . . [the] preparation" of the price tags or the store's reliance upon them "in the transaction of [its] business." Automatic Sprinkler Corp. v. Coley & Petersen, Inc., 219 Va. 781, 793, 250 S.E.2d 765, 773 (1979).

establish the reliability of the information shown on a price tag affixed to an item that has been stolen.

Rather, we think the common-sense approach to the problem is to recognize an exception to the hearsay rule in shoplifting cases permitting the admission into evidence of price tags regularly affixed to items of personalty offered for sale or, in substitution, testimony concerning the amounts shown on such tags when, as in this case, there is no objection to such testimony on best evidence grounds. While such evidence, when admitted, would suffice to make out a prima facie case of an item's value, the accused would retain full opportunity to cross-examine adverse witnesses and to present rebutting evidence on the issue of value. See State v. White, 437 A.2d at 148. For example, if a store conducts a sale but computes the reduced price at the cash register rather than marking the change on the price tag, an accused would be entitled to rely upon the reduced price as evidence of the item's value.

The evidence in the present case falls within the exception we now recognize to the hearsay rule. Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.

JUSTICE KEENAN, with whom JUSTICE HASSELL joins, dissenting.

JUSTICE KEENAN, with whom JUSTICE HASSELL joins, dissenting.

The majority effectively shifts the burden of proving the value of the merchandise at issue in a grand larceny shoplifting prosecution from the Commonwealth to a criminal defendant. In declaring that the "tagged price" of merchandise constitutes prima facie proof of its value, the majority essentially requires a criminal defendant to prove his innocence by disproving unreliable evidence of value.

The majority apparently has not attended a "red dot" sale at Hecht's Department Store, the retail merchant involved in this appeal. It is common knowledge that, at these and other comparable sales, price tags often bear three or four different price markings. Under such circumstances, price tags are, if anything, an inherently untrustworthy form of evidence.

Without acknowledging this problem, the majority simply invites a criminal defendant, after hearsay "price tag" evidence is admitted, to cross-examine the prosecution's witness or to present his own witnesses in an attempt to establish the true retail value of the merchandise. The majority also leaves to a defendant the burden of proving whether a further reduced price would

12

have been computed at the cash register.  A holding that places these evidentiary burdens on a criminal defendant violates the principle cited by the majority that, in grand larceny prosecutions, the Commonwealth bears the burden of proving the value of merchandise taken beyond a reasonable doubt.  See Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994); Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).

Without identifying any necessity for its new exception to the hearsay rule, the majority chiefly relies on the fact that other jurisdictions have created such an exception.  I respectfully submit that such a rationale is without substance and should not be the controlling basis for any decision of this Court.  The business records exception to the hearsay rule is alive and well in Virginia.  See, e.g., Kettler & Scott, Inc. v. Earth Technology Companies, Inc., 248 Va. 450, 457, 449 S.E.2d 782, 785-86 (1994); Marefield Meadows, Inc. v. Lorenz, 245 Va. 255, 264, 427 S.E.2d 363, 368 (1993); Frye v. Commonwealth, 231 Va. 370, 387, 345 S.E.2d 267, 279-80 (1986).  By proper use of that exception, the Commonwealth can present evidence of value in grand larceny shoplifting cases.

Thus, I would reject the creation of a new exception to the hearsay rule and hold that the hearsay evidence in question was improperly admitted.  Since the defendant has not assigned error to the sufficiency of the evidence in support of his conviction, I would remand the case for a new trial on the indictment should the Commonwealth be so advised.