COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


MICHAEL ANTOINE POINTER

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1197-00-2           JUDGE LARRY G. ELDER
                                      SEPTEMBER 18, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                    Herbert C. Gill, Jr., Judge

            Todd M. Ritter (Daniels & Morgan, on brief),
            for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Michael Antoine Pointer (appellant) appeals from his bench

trial conviction for grand larceny. On appeal, he contends that

because the shirts he shoplifted were on sale and no evidence

established whether the tagged prices reflected that sale, the

evidence was insufficient to prove the shirts were valued at

$200 or more. We hold the evidence, viewed in the light most

favorable to the Commonwealth, established the value of the

shirts exceeded $200, and we affirm appellant's conviction.

     In reviewing the sufficiency of the evidence on appeal, we

examine the record in the light most favorable to the

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Commonwealth, granting to its evidence all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it. See id.

"Grand larceny consists of the theft, not from the person of another, of goods and chattels valued at $200.00 or more." Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476 (1999); see Code § 18.2-95(ii). "The value of the goods specified in the statute is an essential element of the crime, and the Commonwealth must prove that element beyond a reasonable doubt." Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994). "The value of the stolen property is measured as of the time of the theft . . . ." Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997). "[T]estimony concerning the amount[] shown on [a price tag regularly affixed to an item of personalty offered for sale] . . . suffice[s] to make out a prima facie case of an item's value." Robinson, 258 Va. at 10, 516 S.E.2d at 479. An accused may present rebuttal evidence on the issue of value, such as by offering evidence that a store conducting a sale "computes the reduced price at the cash register rather than marking the change on the price tag." Id.; see also id. at 11, 516 S.E.2d at 479 (Keenan, J., dissenting) (noting that majority opinion "leaves to a defendant

the burden of proving whether a further reduced price would have been computed at the cash register").

Here, the evidence, viewed in the light most favorable to the Commonwealth, established that the value of the shirts on the day appellant stole them was $225.75. John A. Peterson, a Colonial Heights police officer and security guard for Dillard's Department Store, testified that the shirts appellant took bore price tags totaling that amount, thereby "mak[ing] out a prima facie case" of value sufficient to support appellant's grand larceny conviction. Id. at 10, 516 S.E.2d at 479.

Appellant elicited testimony on cross-examination of Officer Peterson that at least some of the shirts likely were on sale, as demonstrated by a red-and-white sign which was located above the table from which appellant took some of the shirts and which was visible in the surveillance videotape offered into evidence. However, no evidence established the amount of the discount or proved that the price tag on each shirt did not reflect the appropriate discount, if any. Dillard's Sales Associate Veronica Banks testified that scanning the price tag on a particular garment would cause "the price" and "[e]verything that's on the ticket [to] come[] up on the register" and that if the item were on sale, the computer usually would register the sales price automatically. However, neither Banks nor any other witness testified regarding whether the sales price would also be marked on the garment's price tag

or would simply be computed at the cash register.  Thus, appellant failed to present evidence to rebut the Commonwealth's prima facie evidence of value, which, per Robinson, 258 Va. at 10, 516 S.E.2d at 479, was sufficient to establish the value of the items beyond a reasonable doubt.

For these reasons, we affirm appellant's conviction.

Affirmed.