COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Huff
Argued at Chesapeake, Virginia


TREMERE RHONETTE MANNING

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2082-12-1                  JUDGE RANDOLPH A. BEALES
                                                DECEMBER 17, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Randolph T. West, Judge Designate

Patricia Ann Dart (Dart Law, P.C., on brief), for appellant.

David M. Uberman, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Tremere Rhonette Manning (appellant) appeals her conviction for grand larceny, in

violation of Code § 18.2-95.[1]  Appellant argues that the trial court erred in finding that the

Commonwealth introduced sufficient evidence for a grand larceny conviction.  Specifically,

appellant contends that the evidence was insufficient "as a matter of law to prove the items taken

from the Gap had a value of $200 or more."  We hold that the trial court did not err when it found

that the evidence was sufficient beyond a reasonable doubt to convict appellant of grand larceny,

and, accordingly, for the following reasons, we affirm appellant's conviction for grand larceny.

------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was actually convicted of two counts of grand larceny and two counts of conspiracy to commit grand larceny.  She was also convicted of petit larceny – a conviction that she has not challenged on appeal.  In her petition for appeal, appellant asserted that the evidence was insufficient to support all four of her felony convictions.  However, an appeal was granted only as pertaining to the grand larceny conviction that is addressed in this opinion.  Therefore, we do not address in this opinion appellant's challenge to the other three felony convictions because an appeal was not granted relating to those convictions.

I. Background

We consider the evidence on appeal "'in the light most favorable to the Commonwealth, as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)).

In this case, Rasheeda Blackman, an assistant manager at the Gap outlet in the Premium Outlets mall in James City County, testified that, on February 4, 2011, she was working at the Gap when she noticed appellant and another individual, Omar Wallace, enter the store. Wallace was carrying a Kirkland's bag that, according to Blackman, "was pretty light." Blackman testified that she noticed that appellant was "wrestling with a trench coat" in an attempt to remove the security sensor, at which point Blackman called security. Blackman testified that, while she was on the phone with security giving a description of appellant and Wallace, appellant and Wallace walked slowly out of the store with a Kirkland's bag that appeared "bigger than how it was before."

After appellant and Wallace left the store, Blackman noticed that only two gray hoodies remained on what she called the "face-out bar," which she explained is a bar on which merchandise is hung. Blackman testified that the "face-out bar" contained "eleven or twelve" hoodies before appellant and Wallace entered the store. Thus, Blackman testified that "probably nine" gray hoodies were missing. Blackman testified that each hoodie was priced at $24.99. Although Blackman never saw appellant (or Wallace) remove any items from the Gap, she testified that hardly anybody else was in the store when appellant and Wallace were inside.[2]

Blackman testified that she observed appellant and Wallace walk straight to a black Acura after they left the Gap. By the time security arrived at the Gap, the black Acura was in a different part of the parking lot. At that point, Blackman telephoned the police department. Officer Perry of

_____

[2] Blackman also testified that business is slow during the month of February.

the James City County Police Department promptly responded to the Gap, and Blackman explained to him that she had called the police because she suspected that items from her store had been shoplifted. Blackman provided a description of appellant and Wallace, and she directed his attention toward the black Acura. Officer Perry went to the parked Acura, where he saw in plain view a Kirkland's bag with "clothing from Gap that had the tags sticking out a little bit."

Officer Perry went back into the mall and eventually apprehended appellant and Wallace in the Aeropostale store. Kathie Jenkins, a store manager at Aeropostale, testified that, after police led appellant and Wallace out of the store, she noticed a Kirkland's shopping bag hanging on one of the racks, which was close (within three to five feet) to where appellant and Wallace had been browsing in Aeropostale. Jenkins testified that a number of items from Aeropostale were inside of the Aeropostale bag, along with "two items from Gap," which "were baby clothes." When Officer Perry led appellant and Wallace out to the black Acura, Wallace confirmed that the Acura was his. During a search of the Acura, numerous Kirkland's bags full of merchandise were recovered. Neither appellant nor Wallace was able to produce a receipt for any of the recovered merchandise.

After recovering the merchandise from the Acura, Officer Perry spread out the merchandise so that another officer could photograph it. In addition to recovering at least seven Gap hoodies from the Acura, the evidence also suggests that three pairs of Gap brand denim pants were recovered from the Acura. According to Blackman, each pair of denim pants was priced at $29.99. Blackman testified, "Once the cop brought the merchandise back, there were denim—girls' denim pants that were also taken." The record does not contain any photographs of the denim pants, but one of the photographs (the photograph) depicts hoodies stolen from the Gap. The photograph clearly depicts at least seven Gap hoodies.[3]

---

[3] There are eight hangers in the photograph, but the analysis is the same regardless of whether there are seven or eight hoodies.

On direct examination, the Commonwealth asked Officer Perry, "So all of the items that *you* recovered were photographed?" (Emphasis added). Officer Perry responded in the affirmative. On re-direct examination, Officer Perry explained that he did not take the photographs. He also testified, "I'm not the one that retrieved every item and did the only separating of items and taking pictures of items. I'm not the only one who did that."

The Commonwealth called Wallace as its final witness. Wallace testified that, when he and appellant arrived at the mall, they discussed "[s]hoplifting basically . . . through transpiring [sic] of bags." According to Wallace, he and appellant first went to Kirkland, where appellant "snatched the [Kirkland] bags." Wallace explained that when he and appellant entered the Gap, he was carrying the Kirkland bag and then handed it to appellant. Appellant took "some coats" from the Gap. Wallace explained that "all I can remember being taken, was some coats," because he and appellant were "on two separate sides of the store." Finally, Wallace testified that the police retrieved all of the merchandise from his black Acura and that neither he nor appellant had paid for any of the merchandise.

## II. ANALYSIS

Appellant's assignment of error challenges the sufficiency of the evidence to support her grand larceny conviction. When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner, 268 Va. at 330, 601 S.E.2d at 574, "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App.

250, 257, 584 S.E.2d 444, 447 (2003) (en banc)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Code § 18.2-95 states, in relevant part, "Any person who . . . commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ." See Britt v. Commonwealth, 276 Va. 569, 574, 667 S.E.2d 763, 765 (2008) (explaining that "[t]he monetary amount specified in Code § 18.2-95 is an essential element of the crime of grand larceny, and the Commonwealth bears the burden of proving this element beyond a reasonable doubt"). "'Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount.'" Knight v. Commonwealth, 225 Va. 85, 88, 300 S.E.2d 600, 601 (1983) (quoting Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954)).

In this case, there is no dispute as to the price of each of the stolen items. Blackman testified that each hoodie was priced at $24.99 and that each pair of denim pants was priced at $29.99. When determining whether the value of items stolen meets or exceeds the $200 threshold, "[t]he test is market value, and particularly retail value." Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476 (1999) (citation omitted). In addition, "the original purchase price of an item is admissible as evidence of its current value." Robinson, 258 Va. at 6, 516 S.E.2d at 476 (citing Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997)). Thus, the value of each hoodie at the time of the theft was $24.99 and the value of each pair of denim pants at the time of the theft was $29.99. Appellant does not dispute these prices. Instead, appellant contends that the

evidence was insufficient to show that appellant stole *enough* items to meet or exceed the $200 threshold.

### A. THE HOODIES

Viewing the evidence in the light most favorable to the Commonwealth (as we must since the Commonwealth prevailed below), a rational finder of fact could find that appellant stole nine hoodies. Although the photograph depicts only seven hoodies, on cross-examination of Blackman, the following exchange took place establishing that nine hoodies (or jackets) were taken:

Q: So how many jackets were there?

A: About nine. A total of nine jackets.

Q: Okay.

THE COURT: How many?

A: Nine.

Blackman's conclusion here is supported by her testimony that the store's "face-out bar" – which had "eleven or twelve" hoodies on it before appellant and Wallace entered the store – only had two hoodies on it after appellant and Wallace left the store.

In addition, although Officer Perry testified that all of the items that *he* recovered were photographed, his testimony does not establish that *all* of the items that were actually recovered from the Acura were, in fact, photographed. In fact, Officer Perry testified that he did not retrieve every item that was recovered from the Acura or take the photographs of those stolen items himself. Viewing the evidence in the light most favorable to the Commonwealth (as we must since the Commonwealth prevailed below), a rational trier of fact could find that the photograph of the hoodies was not representative of *all* of the merchandise that appellant stole from the Gap. Therefore, the trial court was entitled to find that both Blackman and Officer Perry were credible witnesses and that their testimony was entitled to significant weight. See Sandoval v.

- 6 -

Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (holding that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented"). Moreover, Wallace's testimony corroborates Blackman's testimony that appellant and Wallace entered the Gap with a Kirkland's bag and that appellant stole hoodies.

Thus, viewing the evidence in the light most favorable to the Commonwealth, a rational trier of fact could find that appellant stole nine hoodies from the Gap. The total value of nine hoodies is $224.91 – more than enough to satisfy the $200 threshold for a grand larceny conviction.

### B. The Denim Pants

Even if appellant *did* steal only seven hoodies, which appellant essentially conceded at oral argument, however, the evidence would nonetheless be sufficient for a grand larceny conviction because a rational trier of fact could also find that appellant stole *at least* one pair of denim pants as well. The denim pants do not appear in any photograph in the record, but when the Commonwealth asked Blackman, "[d]id you find any other items that were missing other than the jackets," Blackman replied, "Yes. Once the cop brought the merchandise back, there were denim – girls' denim pants that were also taken." Blackman later testified that "there were three" pairs of denim pants that had been stolen. In addition, when the Commonwealth asked Blackman how she received the stolen items, and whether she went to the Acura herself, she replied that the sales associate[4] brought back the hoodies -- and that an officer brought back the denim pants "because she was out there." Viewing the evidence in the light most favorable to the Commonwealth, as we must since the Commonwealth prevailed below, the trial court was entitled to find that the denim pants came from the Acura and were stolen merchandise from the Gap. Thus, even if appellant

---

[4] At one point, however, Blackman testified that one of the officers (and not the sales associate) returned the hoodies.

stole only seven hoodies, a rational trier of fact could find that appellant also stole three pairs of

denim pants from the Gap—for a total value of $264.90 of stolen merchandise. In fact, even if

appellant stole just seven hoodies and *only one* pair of denim pants, the total value of the stolen

merchandise would equal $204.92 – above the threshold necessary to sustain a grand larceny

conviction.

### III. CONCLUSION

Viewing the evidence in the light most favorable to the Commonwealth, as we must since

the Commonwealth prevailed below, the trial court properly found appellant guilty of grand larceny

in stealing merchandise from the Gap. Accordingly, we affirm appellant's conviction for grand

larceny under Code § 18.2-95.

<u>Affirmed.</u>