COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Decker
Argued at Chesapeake, Virginia

UNPUBLISHED

CARLTON LEE WATKINS

MEMORANDUM OPINION[*] BY
v.        Record No. 1558-13-1            JUDGE RANDOLPH A. BEALES
JULY 22, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Bruce H. Kushner, Judge

William Joshua Holder, Assistant Public Defender (Office of the
Public Defender, on briefs), for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Carlton Lee Watkins (appellant) was found guilty of one count of grand larceny, in violation

of Code § 18.2-95.  Appellant argues that the trial court erred "by admitting oral hearsay testimony

regarding the truth of the contents of written price tags to establish the value of the items stolen,

when no evidence or foundation was presented to admit the hearsay testimony under any recognized

exception to the Hearsay Rule."  In addition, appellant argues that the trial court erred "by admitting

oral testimony to prove the truth of the contents of written price tags to establish the value of the

items stolen, in violation of the Best Evidence Rule, when the original written tags were not

admitted into evidence and no evidence was presented as a reason for non-production of the original

writings."

We hold that the trial court erred under the best evidence rule when it admitted into evidence

Anthony Patton's testimony regarding the price tags affixed to the stolen jeans.  Accordingly, for

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the following reasons, we reverse appellant's grand larceny conviction and remand the case for retrial if the Commonwealth is so advised.

## I. BACKGROUND

We consider the evidence on appeal "'in the light most favorable to the Commonwealth as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)). In this case, Anthony Patton testified that on the date of the offense he was employed at Kohl's Department Store as a loss prevention supervisor and had been employed in that capacity for almost two years. On the day of the offense, Patton noticed appellant come into Kohl's. According to him, appellant walked directly towards the men's department, selected four pairs of jeans, entered the fitting room with the jeans, and exited the fitting room with a plastic bag containing two pairs of jeans. The appellant left Kohl's without paying for the jeans, entered a vehicle, and, according to Patton, "left at a high rate of speed." After appellant left Kohl's, there were no jeans remaining in the fitting room.

Patton then called and gave the police appellant's vehicle description and license plate number. After receiving that information, Officer Renee Ufret, of the Chesapeake Police Department, stopped appellant's vehicle. According to Officer Ufret, when appellant exited the vehicle, he noticed that appellant had two pairs of jeans on under his jogging pants. Officer Ufret also noticed another two pairs of jeans, in a Wal-Mart bag, in the back seat of appellant's vehicle. When Patton arrived on the scene, he identified those jeans as belonging to Kohl's. Appellant was ultimately arrested and taken to jail. Once at the jail, appellant identified the jeans as belonging to Kohl's and explained to the police that he was going to try to sell them.

At trial, just as Patton began to testify as to the value of each pair of jeans, appellant made an objection on foundation grounds. In response, the trial court permitted the prosecutor to "make

inquiry about how [Patton] would know" the value of the stolen jeans. The following exchange then occurred between the prosecutor and Patton:

Q: You were employed as a loss prevention officer –

A: That's correct.

Q: -- at the time, right?

A: Yes, sir.

Q: You were present when the merchandise was recovered?

A: Yes, I was.

Q: Where was the merchandise recovered from?

A: It was recovered – I can't remember the street they called me out to. I got called out to meet the officer at the traffic stop.

Q: And at that time, did the police officer show you four pairs of jeans?

A: Yes, they did.

Q: Did they have any tags on them?

A: Yes, sir, they did.

Q: Were they price tags?

A: Yes, sir.

Q: What was the price tag on each of those four pairs of jeans?

Just as Patton began to answer the prosecutor's last question – "What was the price tag on each of those four pairs of jeans?" – defense counsel made an objection on hearsay grounds and on best evidence grounds. After defense counsel argued the basis for his objections, and the prosecutor responded, the following exchange took place between the trial court and Patton:

Q: All right. Officer,[1] when you observed these jeans, could you tell whether they were items that came from Kohl's?

_____

[1] Patton had become a police officer of the Suffolk Police Department at the time of trial.

A: Yes, sir, I could.

Q: And how could you do that, sir?

A: They say "Kohl's" right on the tag.

Q: All right, sir. And you had been employed at Kohl's how long at that point in time?

A: Almost two years I think, sir.

The trial court then overruled both of defense counsel's objections, and Patton ultimately testified that the price of each pair of jeans was $54.

II. ANALYSIS

Both of appellant's assignments of error challenge the admission of Patton's oral testimony regarding the price of the jeans.

> "Evidence is admissible if it is both relevant and material," and it is inadmissible if it fails to satisfy these criteria. Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 198, 361 S.E.2d 436, 441, 442 (1987). "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). "Evidence is material if it relates to a matter properly at issue." Evans-Smith, 5 Va. App. at 196, 361 S.E.2d at 441.

Wood v. Commonwealth, 57 Va. App. 286, 304, 701 S.E.2d 810, 818-19 (2010). "It is well settled that "'[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Id. at 304, 701 S.E.2d at 818 (quoting James v. Commonwealth, 18 Va. App. 746, 753, 446 S.E.2d 900, 904 (1994)).

Code § 18.2-95 states, in pertinent part, "Any person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ." "The value of the goods specified in [Code § 18.2-95] is an essential element of the crime" of grand larceny, and "the Commonwealth must prove that element beyond a reasonable doubt." Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994) (citation omitted). "The value of the stolen property is measured as of the time [that] the theft"

- 4 -

occurred.  Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997).  "The test is

market value, and particularly retail value."  Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d

475, 476 (1999).

On appeal, appellant challenges the admission of Patton's testimony regarding the price tags

of the stolen jeans on hearsay grounds and best evidence rule grounds.  Given the circumstances in

this case, our holding here is based on the best evidence rule.  In Robinson, the Supreme Court held,

in the context of a shoplifting case:

> Under these circumstances, "the inherent unreliability of hearsay is not
> present."  Therefore, it would be unreasonable and unnecessary to require that
> in each case a merchant must send to court not only a security person but also
> other personnel to establish the reliability of the information shown on a price
> tag affixed to an item that has been stolen.
>
> Rather, we think the common-sense approach to the problem is to recognize
> an exception to the hearsay rule in shoplifting cases permitting the admission
> into evidence of price tags regularly affixed to items of personalty offered for
> sale or, in substitution, testimony concerning the amounts shown on such tags
> *when . . . there is no objection to such testimony on best evidence grounds*.

258 Va. at 10, 516 S.E.2d at 479 (emphasis added) (citation omitted)[2]; see Twine v.

Commonwealth, 48 Va. App. 224, 234-35, 629 S.E.2d 714, 719-20 (2006) (holding that "[t]he

reference in Robinson to an 'objection to such testimony on best evidence grounds' plainly

encompasses only properly sustainable best evidence objections").  Here, appellant's best evidence

objection was "properly sustainable" under the requirements of the best evidence rule.  Id.

It is well established that the best evidence rule provides that "where the contents of a

writing are desired to be proved, the writing itself must be produced or its absence sufficiently

accounted for before other evidence of its contents can be admitted."  Butts v. Commonwealth, 145

---

[2] This exception to the hearsay rule was later codified by the Virginia General Assembly in Rule 2:803(24), which provides, "The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . . In shoplifting cases, price tags regularly affixed to items of personalty offered for sale, or testimony concerning the amounts shown on such tags."

Va. 800, 816, 133 S.E. 764, 769 (1926) (citation omitted); <u>Randolph v. Commonwealth</u>, 145 Va. 883, 889, 134 S.E. 544, 546 (1926) ; <u>Bradshaw v. Commonwealth</u>, 16 Va. App. 374, 379, 429 S.E.2d 881, 884 (1993)); <u>see also</u> Rule 2:1004 (stating the best evidence rule in the newly codified Rules of Evidence).  Therefore, as the Supreme Court and the General Assembly have made clear, in order to overcome appellant's best evidence objection to the Commonwealth's request to admit the evidence concerning the contents of the price tags, the Commonwealth needed to produce into evidence the price tags themselves – or needed to provide an explanation why the price tags were unavailable at trial.[3]  <u>See</u> <u>Robinson</u>, 258 Va. at 10, 516 S.E.2d at 479.  The Commonwealth did not do either at trial in this case.

The Commonwealth argues on brief that this is not a case in which the best evidence rule is even applicable, reasoning that Patton was testifying only as to the *value* of the stolen jeans and not to the specific content of the price tags themselves.  In appropriate cases, evidence of facts that happen to be reflected in a certain document can be admissible through means other than introducing the original version of that document at trial.  <u>See</u> <u>Folson v. Commonwealth</u>, 23 Va. App. 521, 526, 478 S.E.2d 316, 318 (1996).  It is clear from the context of the record in this particular case, however, that Patton was testifying as to the specific content of the price tags, and, therefore, the best evidence rule applied here.

Defense counsel initially objected to Patton's testimony concerning the value of the stolen jeans on the basis that there was not an adequate foundation for such testimony.  The trial court then permitted the prosecutor to "make inquiry about how [Patton] would know that."  During this

---

[3] Alternatively, the Commonwealth could have established that Patton had a basis of knowledge, independent of the actual price tags, for knowing the value of the stolen jeans. <u>See</u> <u>Walls v. Commonwealth</u>, 248 Va. 480, 482-83, 450 S.E.2d 363, 365 (1994) (explaining that "the general rule is that opinion testimony of a nonexpert, who is not the owner of the personal property in question, is admissible upon the subject of property value, provided the witness possesses sufficient knowledge of the value of the property or has had ample opportunity for forming a correct opinion as to value").

portion of direct examination, Patton testified that he was a Kohl's loss prevention supervisor on the date of the offense, that he was present when the stolen jeans were recovered, and that the four pairs of stolen jeans had price tags on them.

After Patton confirmed that he had seen the price tags, the prosecutor – apparently believing the foundation objection had been addressed – asked Patton, "What was the price tag on each of those four pairs of jeans?"  Defense counsel then objected on hearsay and best evidence grounds. Patton's testimony – both before this objection was raised and after the objection was overruled – establishes that the best evidence rule applies here because his testimony was based on the contents of the price tags.  Patton ultimately testified, in response to the prosecutor's question about the price of the jeans, "Each pair of jeans were $54 even, not including tax, so 54 times 4."  However, shortly before answering this question, Patton had again referred to the price tags, indicating that he knew that the jeans were from Kohl's because "They say 'Kohl's' right on the tag."

Even viewing the record in the light most favorable to the Commonwealth, as we must because it was the prevailing party below, the record supports the conclusion that Patton's testimony concerning the value of the jeans was based on his recollection of what the price tags showed. Consequently, because Patton was testifying as to the content of the price tags, the best evidence rule required the Commonwealth either to produce those price tags or to provide an explanation as to why the price tags were unavailable.  Butts, 145 Va. at 816, 133 S.E. at 769; see also Robinson, 258 Va. at 10, 516 S.E.2d at 479.  Since the Commonwealth did not produce the price tags at trial or give an explanation as to why the price tags were not available, as required by the Supreme Court in Butts, the best evidence rule barred Patton's testimony concerning the price of the stolen jeans because his testimony was based on the price tags.

III. CONCLUSION

The trial court erred under the best evidence rule by allowing Patton to testify as to the price of the jeans. Given that the Commonwealth sought to prove the content of the price tags, it was required either to produce those price tags or to account for their unavailability. Alternatively, as stated *supra* in footnote 3, the Commonwealth could have established that Patton had a basis – independent of the price tags themselves – for knowing the value of the stolen jeans. Because the Commonwealth did not produce the price tags, did not account for the unavailability of the price tags, and did not show that Patton had an independent basis for knowing the value of the stolen jeans, the trial court erred in allowing Patton to testify as to the price of the jeans. Accordingly, we reverse appellant's grand larceny conviction and remand this case for a new trial on the grand larceny charge if the Commonwealth is so inclined.[4]

Reversed and remanded.

---

[4] An appellate reversal for an evidentiary error does not preclude retrial on the reversed conviction. See Code § 19.2-324.1; Evans v. Commonwealth, 228 Va. 468, 480, 323 S.E.2d 114, 121 (1984) (holding retrial permitted when a conviction is "annulled merely because the judicial process was defective, that is, evidence was received that should not have been offered"). Appellant does not challenge the sufficiency of the evidence on appeal and, even if he had, Code § 19.2-324.1 has abrogated the holding in Rushing v. Commonwealth, 284 Va. 270, 726 S.E.2d 333 (2012). Accord McDaniel v. Brown, 558 U.S. 120, 131 (2010) (per curiam); Lockhart v. Nelson, 488 U.S. 33, 40-41 (1988).