COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Athey and White


TYLER AARON WEBB

                                                      MEMORANDUM OPINION[*] BY

v.      Record No. 0985-24-3          JUDGE KIMBERLEY SLAYTON WHITE
                                                     APRIL 29, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
James J. Reynolds, Judge

(Jason S. Eisner, on brief), for appellant.

(Jason S. Miyares, Attorney General; Melanie D. Edge, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted Tyler Aaron Webb of grand larceny. The

trial court sentenced Webb to ten years of imprisonment with nine years and nine months

suspended. Webb challenges the sufficiency of the evidence to sustain his conviction. Finding no

trial court error, we affirm the judgment.[1]

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

*Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v.*

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

*Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On July 15, 2023, Cody Walden lived with his mother, Karen Aaron, at 13106 Callands Road in Pittsylvania County. Walden had recently traded a dirt bike for four "Assassinator" four-wheeler tires. The tires were stored outside in an open garage. At that time, Walden's mother was trying to sell a car that was parked near the residence.

Webb went to Ms. Aaron's house that day to look at the car, ringing the doorbell as he arrived. Walden, who was inside of the home, saw Webb outside but did not answer the door. Looking through the window blinds, Walden saw Webb take the four-wheeler tires from the garage. Walden got in a truck and "tried to chase [Webb] down." Walden later testified that the tires had an aggregate value of around $1,400.[2]

That day, Ms. Aaron received a telephone message from someone who stated that he was looking at her car that was for sale and was interested in buying it; he left a number for Ms. Aaron to return the call. Shortly after that, Ms. Aaron received a call from Walden about the stolen tires.

After several attempts, Ms. Aaron reached the person who had called her about the car. He identified himself as "Tyler Webb." They discussed Ms. Aaron's car, and she offered to sell it to him for $1,000. Webb agreed to come to Ms. Aaron's house and finalize the sale the next morning, but he did not appear.

When Ms. Aaron later reached him by phone, Webb said that his friend had died and hung up. Ms. Aaron angrily confronted Webb about stealing the tires in a subsequent call, and he admitted taking them. Webb agreed to return the tires but did not. Eventually, Webb advised

---

[2] At trial, Walden acknowledged that he may have testified at the preliminary hearing that the tires were worth at least $1,100.

Ms. Aaron that the tires were at a location on Route 625. Ms. Aaron found the tires there and recovered them.

Testifying in his own behalf, Webb indicated that he had experience in selling motor vehicles for years. Webb also claimed to have experience selling tires for four-wheelers. Webb did not dispute that he took Walden's tires. Webb claimed that because they showed wear and tear, the tires were worth only $400.

The trial court rejected Webb's testimony on the value of the tires, stating that "[t]hieves don't get to estimate the value of the thing they stole." The trial court credited Walden's testimony about the value of the tires and convicted Webb of grand larceny. Webb appeals.

ANALYSIS

Under Code § 18.2-95(A)(ii), "[a]ny person who . . . commits simple larceny not from the person of another of goods and chattels of the value of $1,000 or more . . . shall be guilty of grand larceny . . . ." While not disputing that he stole the property, Webb argues that the evidence did not prove that the value of the tires was $1,000 or more to sustain his grand larceny conviction.

"In determining whether the evidence was sufficient to support a criminal conviction, the appellate court views the facts in the 'light most favorable' to the Commonwealth." *Green v. Commonwealth*, 72 Va. App. 193, 200 (2020) (quoting *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017)). "Under the governing standard, 'we review factfinding with the highest degree of appellate deference.'" *Commonwealth v. Barney*, 302 Va. 84, 96 (2023) (quoting *Bowman v. Commonwealth*, 290 Va. 492, 496 (2015)). Accordingly, "[i]n conducting [its] review, the Court defers to the trial court's findings of fact unless they are plainly wrong or without evidence to support them." *Brewer v. Commonwealth*, 71 Va. App. 585, 591 (2020). "This deference is owed to both the trial court's assessment of the credibility of the witnesses and the inferences to

be drawn 'from basic facts to ultimate facts.'" *Eberhardt v. Commonwealth*, 74 Va. App. 23, 31 (2021) (quoting *Davis v. Commonwealth*, 65 Va. App. 485, 500 (2015)). Our deferential standard of review also "'requires us to "discard the evidence of the accused in conflict with that of the Commonwealth[] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn"' from that evidence." *Green*, 72 Va. App. at 200 (alteration in original) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 236 (2016)).

"If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). "In the end, the appellate court 'ask[s] whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."'" *Eberhardt*, 74 Va. App. at 31 (alteration in original) (quoting *Davis*, 65 Va. App. at 500).

"Where the value of a thing 'determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount.'" *DiMaio v. Commonwealth*, 46 Va. App. 755, 763 (2005) (quoting *Wright v. Commonwealth*, 196 Va. 132, 139 (1954)), *aff'd*, 272 Va. 504 (2006). The Commonwealth may offer testimony of a lay person or an expert to prove value. *Id.* at 764. "The value of an item is determined by its 'market value, and particularly retail value.'" *Grimes v. Commonwealth*, 62 Va. App. 470, 476 (2013) (quoting *Robinson v. Commonwealth*, 258 Va. 3, 5 (1999)). "Fair market value is the price property will bring when offered for sale by a seller who desires but is not obliged to sell and bought by a buyer under no necessity of purchasing." *Id.* at 477 (quoting *Robinson*, 258 Va. at 5-6).

According to Walden, who owned the property, the value of the set of four-wheeler tires was about $1,400. The trial court, as the finder of fact, was entitled to accept Walden's

testimony. "The sole responsibility to determine the credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from proven facts lies with the fact finder." *Ragland v. Commonwealth*, 67 Va. App. 519, 529-30 (2017). "That responsibility lies with the fact finder because '[t]his [C]ourt[,] sitting as an appellate court, and knowing nothing of the evidence or of the witness, except as it appears on the paper, . . . [is] incompetent to decide on the credibility of the testimony.'" *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (first, second, and third alterations in original) (quoting *Brown v. Commonwealth*, 29 Va. (2 Leigh) 769, 777 (1839)). In addition, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). The trial court thus was justified in rejecting Webb's claim that Walden's tires had a value of only $400. Because Webb did not dispute stealing the tires, a reasonable finder of fact could conclude beyond a reasonable doubt that he was guilty of grand larceny.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*